UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JAQUAN CORDELL WILLIS,                )
                                      )
              Petitioner,             )
                                      )
       v.                             )     No. 1:25-cv-02349-JRO-KMB
                                      )
RON NEAL,                             )
                                      )
              Respondent.             )

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND
DENYING CERTIFICATE OF APPEALABILITY**

Jaquan Cordell Willis filed a habeas action under 28 U.S.C. § 2254 challenging his state-court conviction in cause number 34D04-2006-F1-001759 (Case No. 1759). Dkt. 2. This Court ordered that by May 25, 2026, Willis must resolve the $5.00 filing fee and show cause why this action should not be dismissed without prejudice for failure to exhaust his remedies in state court. Dkt. 20. Willis did not pay the filing fee and responded to the order to show cause by filing, among other things, an amended petition, dkt. 26. As explained below, this action is dismissed without prejudice for failure to exhaust state remedies.

**I. DISCUSSION**

**A.     Motion to Dismiss Petition**

Willis filed a motion to dismiss the petition without prejudice due to his failure to exhaust state remedies. Dkt. 21. Ordinarily, this Court would construe such motion as a voluntary, and self-executing, dismissal of this action. *See* Fed. R. Civ. 41(a)(1)(A)(i) ("[t]he plaintiff may dismiss an action without a

1

court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."); *see also United States v. UCB, Inc.*, 970 F.3d 835, 849 (7th Cir. 2020) (explaining a notice to dismiss under Rule 41(a)(1)(A)(i) is "self-executing and case terminating."). Willis, however, later communicated a desire to continue this action by filing both a motion for stay and abeyance, stating, "Petitioner does not wish to dismiss the habeas corpus relief petition for Case No. 1:25-cv-02349-JRO-KMB," and an amended petition. Dkts. 22 at 4; 26. The Court construes Willis as communicating his desire to withdraw his motion to dismiss the petition. Accordingly, the Court **directs the Clerk of Court** to indicate on the docket that Willis withdrew his motion to dismiss.

## B.    The Petition and Amended Petition

The Court takes judicial notice[1] that a jury convicted Willis of (1) misdemeanor carrying a handgun without a license, for which he was sentenced to one year, and (2) felony criminal recklessness, for which he was sentenced to a consecutive six years, with one year suspended to be served on supervised probation.

In his initial petition, Willis alleged (1) the trial court exhibited judicial bias when it suggested the state use a map as demonstrative evidence to orient the jury to the streets and locations referenced in witness testimony; (2) his Fourth Amendment rights were violated because he was searched without a warrant; (3)

---

[1] The Court takes judicial notice of the chronological case summaries (available at mycase.in.gov) for Willis's Indiana cases.

there was no ballistics evidence that he shot a weapon, and there was evidence he was intoxicated on the night of the incident; and (4) his convictions violated the prohibition against double jeopardy. Dkt. 2 at 2–11.

Willis then filed an amended petition premised on alleged violations of the Fourth Amendment, which he learned of after his incarceration. He alleges that his case was based on fabricated evidence, which was not presented at trial, from gang members and individuals working at the jail who were involved with an individual related to his case. Dkt. 26 at 6–9. Willis concedes he did not previously raise these claims in the state courts but alleges he "recently filed" a state petition for post-conviction relief in the Howard County Superior Court, raising the claim he now raises in his amended petition and a claim that his right to a speedy trial was violated. *Id.* at 10–11.

"Rule 15(a) of the Federal Rules of Civil Procedure provides that a 'party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . .'" *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008). No responsive pleading has been filed. Thus, Willis has a right to file an amended petition and the amended petition, dkt. 26, is the operative petition.

## C.    Exhaustion

"To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d

501, 504 (7th Cir. 2015); *see* 28 U.S.C. § 2254(b)(1)(A). "[F]air presentation contemplates that both the operative facts and the controlling legal principles must be submitted to the state court." *Williams v. Washington*, 59 F.3d 673, 677 (7th Cir. 1995) (citing *Picard v. Connor*, 404 U.S. 270, 277 (1971)). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [28 U.S.C. § 2254], if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A claim is considered technically exhausted by procedural default if it was not raised in the state court and is now clearly procedurally barred under state law. *See Woodford v. Ngo*, 548 U.S. 81, 92–93 (2006); *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996).

Willis concedes the claims in his amended petition are unexhausted and that he did not raise the claims in the amended petition during his state court appeal and state post-conviction petition. Dkt. 26 at 6–8. He claims he currently has a state post-conviction petition pending; however, he provides no evidence he filed one, and the Court takes judicial notice there are no pending state post-conviction petitions or appeals in his case. In Indiana, individuals may challenge a state court conviction by filing a post-conviction petition in the state trial court "at any time." *See* Ind. Post-Convict. R. 1(1)(a)(1). Thus, Willis can still present in state court the questions presented in his amended petition. Because state post-conviction proceedings are available, his claims in the amended petition are not exhausted or procedurally defaulted. Thus, Willis cannot show this action

should not be dismissed for failure to exhaust.  Accordingly, this action will be dismissed for failure to exhaust state remedies.

## D.    Stay and Abeyance

Willis filed a motion for stay and abeyance, dkt. 22, and a motion for extension of time to file a motion requesting stay and abeyance, dkt. 25.  The Court considers the motion for stay and abeyance timely filed and denies the motion for extension of time as moot.  And for the reasons explained below, the Court denies the motion for stay and abeyance.

Given the one-year deadline to file a federal habeas petition, when considering dismissal of a habeas action and a motion for stay, courts must consider whether dismissal of a petition "would effectively end any chance at federal habeas review."  *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) ("When a district court's order dismissing a petition without prejudice will 'effectively end any chance at federal habeas review,' that is, when there is a substantial risk that it comes too late for the prisoner to re-file, district courts are to consider whether a stay might be more appropriate than an outright dismissal, regardless of whether the petitioner has made such a request."); *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006) ("A district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review.").

A district court should stay, rather than dismiss, a federal habeas action, if (1) "the petitioner demonstrates good cause for failing to exhaust his or her claims first in state court," (2) the unexhausted claims are potentially

meritorious, and (3) the "petitioner has [not] engaged in abusive litigation tactics or intentional delay." *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *Yeoman v. Pollard*, 875 F.3d 832, 837 (7th Cir. 2017).

Under 28 U.S.C. § 2244(d)(1), a petitioner has a one-year statute of limitation for filing a federal habeas petition, which generally starts when the state court judgment becomes final at the conclusion of direct review or the expiration of the time for seeking such review. *See also Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). The one-year limitation period for filing a federal habeas petition under 28 U.S.C. § 2254 is tolled while a "properly filed" application for state post-conviction or "other collateral review" with respect to the pertinent judgment or claim is pending. *See Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

The Supreme Court has held a motion to reduce a sentence that is "properly filed" by a state prisoner in accordance with state law, and which is not part of a direct review process and requires a reexamination of the prisoner's sentence to determine whether it is appropriate, qualifies as "collateral review," that tolls the one-year statute of limitations. *See Wall v. Kholi*, 562 U.S. 545, 547–48, 560 (2011). The filing of a habeas petition in federal court does not toll the statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

The Court takes judicial notice that Willis was sentenced in Case No. 1759 on December 7, 2023. His direct appeal (Case No. 24A-CR-135) was decided on August 29, 2024. *See Willis v. State*, 243 N.E.3d 1103 (Ind. Ct. App. 2024). He did not seek transfer to the Indiana Supreme Court. For purposes of his time to

6

file a federal petition, Willis's conviction became final 90 days later—on November 27, 2024. *See* 28 U.S.C. § 2244(d)(1)(A); S. Ct. R. 13(1) (providing 90 days after entry of judgment to seek certiorari to the United States Supreme Court); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Before his state court judgment was final, however, Willis filed a state post-conviction petition on November 12, 2024. His federal limitation period was thus tolled from November 28, 2024, until the state district court denied his state petition on May 28, 2025. The one-year statute of limitation for filing his federal petition commenced on May 29, 2025, and, absent tolling, expires on May 28, 2026.

After May 29, 2025, Willis filed numerous motions to modify his sentence in state court. To the extent those motions were "properly filed" under state law, they could extend the deadline to file a federal petition by tolling the statute of limitation. *See Day*, 547 U.S. at 201. For example, Willis filed a motion to modify sentence on June 5, 2025, which was denied on June 18, 2025. Assuming that motion was properly filed under state law, the statute of limitation for filing a federal petition could be extended by the 15 days that the motion was properly filed. The Court judicially notices the following additional motions to modify sentence: (1) filed on July 9, 2025, and denied the same day; (2) filed on July 10, 2025, and denied 22 days later on August 1, 2025; (3) filed on August 11, 2025, and denied 11 days later on August 22, 2025; (4) filed on August 29, 2025, and denied 18 days later on September 16, 2025; (5) filed on September 18, 2025, and denied the next day; and (6) filed on October 22, 2025, and denied 21 days later, on November 12, 2025. Because Willis provided the Court with insufficient

information to determine whether any of his motions to modify his sentence were properly filed under state law, the Court assumes, arguendo, there is no tolling after May 29, 2025, and that Willis's statute of limitation for filing a federal petition expires on May 28, 2026.

In the amended petition, Willis claims to have discovered, after he was incarcerated, that some of the evidence against him was fabricated; however, he presents nothing to support that claim or to support when he discovered the alleged evidence. Importantly, he also concedes he never presented the claims raised in his amended petition to the state courts. Willis has not necessarily engaged in abusive litigation tactics or intentional delay; however, he also has neither established good cause for his failure to exhaust the claims raised in his amended petition before filing his federal petition nor provided this Court with any basis to conclude his unexhausted claims in the amended petition are potentially meritorious. Because Willis cannot establish that he lacks the ability to raise his claims in state post-conviction proceedings, he cannot establish this action should not be dismissed for failure to exhaust the claims in the amended petition. Accordingly, this Court **denies** the motion for stay and abeyance.

**E.     Motion to be Released from Custody**

Willis filed a motion for release from custody on his own recognizance stating he was wrongfully convicted and has six months remaining to serve on his sentence. Dkt. 10 at 1–2. This Court deferred resolution of the motion until Willis responded to the April 24, 2026, order to show cause. Dkt. 20 at 6.

In habeas cases, federal district judges have "inherent power to admit applicants to bail pending the decision of their cases," but it is a power to be exercised "very sparingly." *See Cherek v. United States,* 767 F.2d 335, 337 (7th Cir. 1985). "A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal." *Id.* "And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted." *Id.*

Willis has not provided the Court with any basis to conclude he was unjustly convicted. Given this action will be dismissed for failure to exhaust state remedies, Willis's sentence may be nearing an end, and he has provided no palpable basis for the Court to exercise its authority to release him on his own recognizance, the motion, dkt. 10, is **denied**.

### F.    Motion for Appointment of Counsel

Willis filed a motion for appointment of counsel to pursue habeas corpus proceedings. Dkt. 19. This Court deferred resolution of the motion until Willis responded to the April 24, 2026, order to show cause. Dkt. 20 at 6.

The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the appointment of counsel in a habeas corpus case, if "given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have . . . a reasonable

9

chance of winning with a lawyer at his side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). As explained above, the amended petition fails to state an exhausted habeas claim and this action will be dismissed without prejudice. Thus, the Court cannot find Willis has a reasonable chance of winning habeas relief even with appointed counsel. The motion, dkt. 19, is therefore **denied**.

## II. CERTIFICATE OF APPEALABILITY

Under Section 2254 and Rule 11 of the Rules Governing Section 2254 Cases, this Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling, and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis to conclude jurists of reason would debate the correctness of this Court's procedural rulings.

## III. CONCLUSION

The amended petition for a writ of habeas corpus under 28 U.S.C. § 2254, dkt. [26], is **dismissed without prejudice** for failure to exhaust state remedies.

The motion for release on Petitioner's own recognizance, dkt. [10], is **denied**.

The motion for appointment of counsel, dkt. [19], is **denied**.

The **Clerk of Court is directed** to indicate on the docket that Petitioner's motion to dismiss, dkt. [21], is **withdrawn**.

Petitioner's motion for stay and abeyance, dkt. [22] is **denied**.

Petitioner's motion requesting this Court update the name of the respondent in this matter, dkt. [24], is **granted**.

The Clerk of Court is directed to **update** the docket to substitute Ron Neal for respondent Tricia Pretorius.

Petitioner's motion for enlargement of time to file a motion for stay and abeyance, dkt. [25], is **denied**.

A certificate of appealability shall not issue.

Judgment consistent with this Order shall now issue by separate entry.

**SO ORDERED.**

Date: 5/28/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

JAQUAN CORDELL WILLIS
297025
INDIANA STATE PRISON
INDIANA STATE PRISON
Electronic Service Participant – Court Only

11